UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEBLANC,

      Petitioner,                                     Case Number: 14-CV-13219

v.                                                  Honorable Patrick J. Duggan

KEN ROMANOWSKI,

      Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) GRANTING PETITIONER'S FIRST MOTION TO AMEND, (3) DENYING PETITIONER'S REMAINING MOTIONS, (4) DENYING A CERTIFICATE OF APPEALABILITY, AND (5) GRANTING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Petitioner, a Michigan Department of Corrections prisoner confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2012, he was convicted of malicious destruction of property, $1,000 to $20,000. He challenges his conviction on the grounds that his no contest plea was induced by false documents, the Michigan State Police report showed that the incident giving rise to the charge against him was an accident rather than criminal, the 9th Judicial Circuit Court improperly accepted an unauthorized deposition from the secretary of state, and Petitioner was arrested

without a warrant. Respondent has filed a motion to dismiss on the ground that Petitioner failed to exhaust his state court remedies. The Court agrees and will grant the motion.

## II. PROCEDURAL HISTORY

On March 15, 2012, Petitioner pleaded no contest in Kalamazoo County Circuit Court to malicious destruction of property, over $1,000 but less than $20,000. Mich. Comp. Laws § 750.377a(1)(b)(i). On April 29, 2013, he was sentenced to three months in jail, three years probation, and restitution in the amount of $24,897.97 to an insurance company that insured the owner of damaged property, and $350.15 to the owner of a vehicle damaged by Petitioner. Shortly after the restitution hearing, Petitioner violated the terms of his probation by absconding from a community-based residential probation facility. He then indicated that he wished to be discharged from that program. On September 3, 2013, he was resentenced to 1 year and 6 months to 5 years in prison.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising this claim: the probation violation plea was involuntary and the trial court failed to comply with Michigan court rules. The Michigan Court of Appeals denied leave to appeal. *People v. LeBlanc*, No. 320249 (Mich. Ct. App. Apr. 1, 2014). Petitioner then filed an application for leave to appeal in the Michigan

Supreme Court, raising these claims:

    I. False confession, arrested without warrant, register of actions – prosecuted by State of MI – not people. The plea was not voluntary, understanding or accurate.

    II. Delayed application for leave to appeal it took 2 months for my counsel to get the transcripts.

    III. State of Michigan Police filed incident as an accident on 7-11-12, then 4 months later accepted a false confession.

    IV. I was wrongfully arrested by the Kalamazoo Police dept on 11-28-12, I was never arrested on 7-11-12 like the PSI report states by the Kalamazoo County Sheriff.

    V. The Party Information states just "State of Michigan" and not "The People of the State of Michigan."

    VI. Arrest warrant was not issued/signed by Judge, false confessions, there is error in Pre & Post conviction. Falsified court documents/police reports.

    VII. Amended a felony card without evidence or factual support; accepted a false confession which was not admitted as evidence. Defendant was on medications.

The Michigan Supreme Court denied leave to appeal. *People v. LeBlanc*, 497 Mich. 855, 852 N.W.2d 632 (2014).

While Petitioner's application for leave to appeal was still pending in the Michigan Supreme Court, Petitioner filed a motion for relief from judgment in the trial court. The trial court rejected the motion for relief from judgment under Mich. Ct. R. 6.508(D)(1) because Petitioner's direct appeal was still pending. 6/10/14 Order

Denying Defendant's Motion for Relief from Judgment, *People v. LeBlanc,* No. 12-1201-FH (Kalamazoo Cnty. Cir. Ct.).

Petitioner filed the present habeas petition on August 20, 2014. He raises these claims:

I. The 9th District Circuit Court induced a no contest/guilty plea using false documents.

II. Michigan state filed incident as an accident.

III. 9th District Circuit Court accepted an unauthorized deposition by Secretary of State.

IV. Improper warrantless arrest by Kalamazoo Police Department on 11/18/12.

### III. ANALYSIS

#### A. Exhaustion of State Court Remedies

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his habeas claims in state court. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal

4

bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). "[T]he habeas petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35, 107 S. Ct. 1671, 1674 (1987). The burden is on Petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. He failed to raise any of his habeas claims in the Michigan Court of Appeals. Instead, he presented them for the first time to the Michigan Supreme Court. "[S]ubmission of new claims to a state's highest court on discretionary review does not constitute fair presentation of the claims to the state courts." *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011). A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. Although he previously filed a motion for relief from judgment in the trial court, that motion was denied as premature because Petitioner's direct appeal was pending before the Michigan Supreme Court.

Now that direct review of his conviction has concluded, Petitioner may file a motion for relief from judgment in the Kalamazoo County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court will dismiss the petition.

### B. Petitioner's Motions

Since filing his habeas petition, Petitioner has filed sixteen motions. All but two of these motions are rendered moot by the dismissal of this action without prejudice for failure to exhaust state court remedies. Petitioner's first motion to amend and counter-motion for summary judgment are not rendered moot and the Court addresses them here.

First, Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once as a matter of course within 21 days of serving it or 21 days after

service of a responsive pleading or a motion under Rule 12(b). Petitioner filed his first motion to amend within 21 days after service of his petition. Therefore, he may amend the pleading as a matter of course. Generally, when a pleading is amended under Rule 15(a), the amended pleading supersedes the original pleading. *See Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) ("'[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.'") (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010) (footnote omitted in original). However, the original pleading may be incorporated in the amended pleading if the party submitting the amendment "clearly intended" the latter pleading to supplement, rather than supersede, the original pleading. *Id.* Here, Petitioner clearly intended the arguments raised in the motion to amend to supplement, rather than supersede, the original petition. Because Petitioner is proceeding *pro se* and *in forma pauperis*, the Court will not require him to separately file an amended petition. The Court will grant the first motion to amend and the original petition is deemed amended to include those arguments set forth in Petitioner's motion to amend.

The Court notes that the motion to amend, while purporting to raise new claims, only provides further arguments and facts in support of claims already raised in the

petition. Nothing in the motion alters the Court's conclusion that the petition contains only unexhausted claims.

Petitioner also has filed a counter-motion for summary judgment. Petitioner's motion raises essentially two arguments. First, he argues that, because the claims raised in his petition were raised in the Michigan Supreme Court, they are exhausted. As discussed, presentation of a claim for the first time to a state's highest court for discretionary review does not satisfy the exhaustion requirement. *See Skinner*, 425 F. App'x at 494. Second, Petitioner argues the merits of his habeas claims. The Court will not address the merits of Petitioner's claims at this time because they are unexhausted. Therefore, the Court will deny Petitioner's counter-motion for summary judgment.

Petitioner's remaining motions are rendered moot by the dismissal of the petition. They will be denied as such.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition contains only unexhausted claims. Therefore, the Court will deny a COA. However, Petitioner is granted permission to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion for order dismissing Petitioner's application for writ of habeas corpus (ECF No. 35) and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court **DENIES** a COA but **GRANTS** Petitioner permission to proceed *in forma pauperis* on appeal. The Court **GRANTS** Petitioner's first motion to amend (ECF No. 8) and **DENIES** Petitioner's counter-motion for summary judgment (ECF No. 46). Finally, the Court **DENIES AS MOOT** Petitioner's remaining motions (ECF Nos. 10, 13, 14, 16, 17, 18, 22, 25, 26, 31, 37, 40, 42, and 49).

**SO ORDERED**.

Dated: August 7, 2015

                                        <u>s/PATRICK J. DUGGAN</u>
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Jeffrey LeBlanc
Elizabeth M. Rivard, Esq.
Laura Moody, Esq.